## Boies *vs.* Witherell.

In replevin of a horse, the defendant pleaded property in one *G.* and denied the title of the plaintiff; who replied that *G's* title was by sale from the defendant, after which the defendant again sold and delivered the horse, with warranty, to the plaintiff, who knew nothing of the prior sale; and relied on this by way of estoppel.—On demurrer it was held that the defendant was not estopped to set up the title of *G.* against the plaintiff; and that the replication was ill.

This was an action for replevin of a horse; to which the defendant pleaded that the property was in one *Salmon Gates* and not in the plaintiff. The plaintiff replied that the title of *Gates*, if any he had to the horse, was derived by a sale from *Witherell* to him; after which sale, the plaintiff being ignorant thereof, *Witherell* himself, for a full and valuable consideration, sold and delivered the same horse to the plaintiff; and upon the sale warranted that he was the sole owner and had good right to sell; alleging that therefore he ought to be estopped from setting up the title of *Gates* by way of defence to this action. To this the defendant demurred.

The demurrer was briefly spoken to at chambers, by *Downes* and *Cooper* for the plaintiff, and *Bridges* for the defendant; and the opinion of the Court was delivered in *Cumberland*, at the adjournment of *May* term, in *August* following, by

Mellen C. J. This is an action of replevin for a horse. The defendant pleads that at the time of the taking, the property of the horse was in one *Salmon Gates*, and traverses the asserted property of the plaintiff. The plaintiff replies that the property and title of *Gates* in and to the horse, if he had any, was derived by a sale thereof to him by *Witherell*, the defendant; after which sale the plaintiff, being ignorant of any previous sale of the horse, purchased him of the defendant and paid a full and valuable consideration to him, he warranting the horse then to be his, and that he had good right to sell him. To this replication there is a general demurrer and joinder. There can be no question but that the plea in bar is good, unless avoided by the replication; inasmuch as it expressly avers the

horse, at the time of the taking, to have been the property of *Gates*. It is the office of a replication either to traverse the plea or some one fact in it, or else to confess and avoid it by the introduction of some new fact, which, if true, shows the plea to be of no importance. Now the replication in the present case does not traverse the property of *Gates*, which is distinctly and correctly alleged in the plea; neither does the replication confess the property to have been in him. Besides, it presents no facts that show any title in the plaintiff. Of what consequence is it, of whom *Gates* purchased the horse, if at the time of the taking, he was the owner? The replication admits that the defendant sold the horse to him, and there is no fact stated, showing that the sale was not a fair one; of course, by the sale, the property was legally transferred to *Gates*. After all this, the defendant sold the horse to the plaintiff, as before stated; but as he did not then own the horse, he is answerable to the plaintiff on the warranty; but no property passed, unless by way of estoppel, which is relied on by the plaintiff in the close of his replication. The only doubt is whether the principle of estoppel is applicable in the present case. Estoppels are not to be favored, as their object and tendency are to exclude the truth by closing the door of investigation. We have not been able to find any decisions in which an estoppel has been applied in case of a parol contract. Though a release under seal is an estoppel, a receipt is not; it is capable of explanation. Lord *Coke* says, *Co. Litt.* 352, that estoppels are of three kinds. 1. By matter of record. 2. By deed. 3. By matter *en pais*, as by livery—by entry—by acceptance of rent—by partition and by acceptance of an estate. We might have viewed this cause in a different light, perhaps, if the replication had contained an averment that the title to the horse had been obtained by *Gates* of the defendant, by means of collusion between them to defraud the plaintiff, and he had been a creditor of the defendant; for that would have proved the defectiveness of *Gates's* title; but the replication, so far as it relates to that title, seems to confirm the allegations of the plea, and leaves the title in *Gates* uncontradicted and unquestioned. We do not feel at liberty to apply the estoppel in

this case.   On the facts disclosed by the pleadings, the defendant passed no right to the plaintiff by the sale of the horse, because he had none to convey.   The remedy of the plaintiff is upon the warranty.   If the plaintiff had grounds, and thought it prudent to contest the fairness and honesty of the sale from the defendant to *Gates*, he might have given the usual replication, and submitted the question of fraud, if there was any, to the decision of the jury.

                              *Replication adjudged insufficient.*